UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRADLEY & PAMELA HOWARD,<br>      Plaintiffs,<br><br>v<br><br>MERCHANTS ASSOCIATION<br>COLLECTION DIVISION, INC<br>      Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## **COMPLAINT**

BRADLEY & PAMELA HOWARD ("Plaintiffs"), by and through their attorney, ANGELA K. TROCCOLI, ESQUIRE and KIMMEL & SILVERMAN, P.C., allege the following against MERCHANTS ASSOCIATION COLLECTION DIVISION, INC.("Defendant"):

### **INTRODUCTION**

1.  This is an action for damages brought by consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

### **JURISDICTION AND VENUE**

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.  Defendant conducts business in the State of Connecticut; therefore, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

- 1 -

PLAINTIFF'S COMPLAINT

**PARTIES**

5. Plaintiffs are natural people residing in Putnam, Connecticut.

6. Plaintiffs are a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiffs are a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a corporation with its principal place of business located at 134 South Tampa Street, Tampa, Florida, 33602.

9. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all relevant times herein, Defendant was attempting to collect an alleged consumer debt and contacted Plaintiffs in its attempt to collect that debt.

12. Plaintiffs never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by them, could have only arisen from financial obligations primarily for personal, family, or household purposes.

13. Beginning in February 2015, if not before, Defendant continuously and repeatedly called Plaintiffs on their home telephone.

14. Defendant was made aware that the calls were unwelcome and to stop.

15. Defendant ignored Plaintiffs' instructions to stop calling and continued to call against their wishes.

16. Defendant placed calls to Plaintiffs from numbers including, but not limited to (800) 226-6188 & (800) 749-7710.  The undersigned has confirmed both numbers belong to Defendant.

17. Defendant threatened to pursue legal action if the debt remained unpaid, but upon information and belief, Defendant had no intention of pursing legal action against Plaintiffs as to the best of their knowledge, no such action has been initiated.

18. Most recently, Defendant called Plaintiffs on their home telephone on March 12, 2015.

19. Defendant's actions as described herein were taken with the intent to abuse, harass, and deceive Plaintiffs.

20. Finally, within five (5) days of its initial communication with Plaintiffs, Defendant failed to send written notification of their rights to dispute the debt and/or to request verification of the debt, as well as providing them with the amount of the debt and the name of the original creditor.

## COUNT I
### DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

21. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

22. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

23. Defendant violated §§ 1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiffs' telephone number knowing the calls were unwanted and having been told to stop calling.

### COUNT II
### DEFENDANT VIOLATED §§ 1692e and e(5) OF THE FDCPA

24. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

25. A debt collector violates § 1692e(5) by making a threat of action it does not intend to take or legally can't take.

26. Here, Defendant violated §§ 1692e and 1692e(5) of the FDCPA by threatening to take legal action against Plaintiffs when it had no intention of doing so.

### COUNT III
### DEFENDANT VIOLATED §§ 1692f OF THE FDCPA

27. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

28. Here, Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt, including failing to update its records to restrict its communications to Plaintiffs after being told to stop calling.

## COUNT IV
## <u>DEFENDANT VIOLATED §§ 1692g(a) OF THE FDCPA</u>

29. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

30. Here, Defendant violated § 1692g(a) by failing to send written notification, within five (5) days after its initial communication with Plaintiffs, advising them of their rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiffs, BRADLEY & PAMELA HOWARD, respectfully pray for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

  d. Any other relief deemed fair and proper by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiffs, BRADLEY & PAMELA HOWARD, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

BRADLEY & PAMELA HOWARD
By their Attorney,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: 10-14-15